IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALTEGRITY, INC., *et al*[1],<br><br>Debtors. | Chapter 11<br>Bankr. Case No. **15-10226-LSS**<br>(Joint Administration Pending) |
| THOMAS KARANIEWSKY and ANGELA RODRIGUEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALTEGRITY, INC., ALTEGRITY ACQUISITION CORP., ALTEGRITY HOLDING CORP., and US INVESTIGATIONS SERVICES, LLC.<br><br>Defendants. | Adv. Pro. No. _____-\_\_\_\_\_ |

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ.*

Plaintiffs Thomas Karaniewsky and Angela Rodriguez ("Plaintiffs") allege on behalf of themselves and a class of similarly situated former employees of defendants, by way of their

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Altegrity, Inc. (9985); Albatross Holding Company, LLC (2688); Albatross Marketing and Trading, LLC (8643); Altegrity Acquisition Corp. (1480); Altegrity Holding Corp. (1481); Altegrity Risk International LLC (6350); Altegrity Security Consulting, Inc. (5452); CVM Solutions, LLC (9526); D, D & C, Inc. (9552); Engenium Corporation (2269); FDC Acquisition, Inc. (2387); HireRight Records Services, Inc. (1944); HireRight Solutions, Inc. (8954); HireRight Technologies Group, Inc. (1660); HireRight, Inc. (5016); John D. Cohen, Inc. (1738); KCMS, Inc. (0085); KIA Holding, LLC (1333); Kroll Associates, Inc. (6880); Kroll Background America, Inc. (4830); Kroll Crisis Management Group, Inc. (3811); Kroll Cyber Security, Inc. (2393); Kroll Factual Data, Inc. (9911); Kroll Holdings, Inc. (4648); Kroll Inc. (1019); Kroll Information Assurance, Inc. (2283); Kroll Information Services, Inc. (2381); Kroll International, Inc. (1243); Kroll Ontrack Inc. (1650); Kroll Recovery LLC (7082); Kroll Security Group, Inc. (5514); National Diagnostics, Inc. (7132); Ontrack Data Recovery, Inc. (3148); Personnel Records International, LLC (0716); The Official Information Company (1805); US Investigations Services, LLC (9260); USIS International, Inc. (3617); and USIS Worldwide, Inc. (4258). The location of the Debtors' corporate headquarters is 7799 Leesburg Pike, Suite 1100 North, Falls Church, VA 22043.

Class Action Complaint against Altegrity, Inc., Altegrity Acquisition Corp., Altegrity Holding Corp., and US Investigations Services, LLC ("USIS")( collectively "Debtors" or "Defendants") by and through their counsel as follows:

## NATURE OF THE ACTION

1. Plaintiffs were furloughed on August 7, 2014. Defendants did not tell the USIS employees they were being terminated but rather indicated that the furlough was temporary and they would return to work. Their health benefits were continued during that period, and they continued to use company vehicles and equipment that they were provided. During that period Defendants encouraged the employees to take their accrued vacation and personal time off, for which they received paychecks, along with their normal deductions for other benefits. On or about September 24, 2014, the employees received a letter stating they would be terminated effective September 30, 2014. Defendants' termination of Plaintiffs and approximately 2,000 full-time employees came without 60 days' notice.

2. Plaintiffs Thomas Karaniewsky and Angela Rodriguez were employees of USIS until their termination on or about September 30, 2014.

3. The Plaintiffs bring this action on behalf of themselves, and the other similarly situated former employees who worked for Defendants and who were terminated without cause, as part of, or as the result of, plant closings ordered by Defendants and who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*

4. Plaintiffs and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the federal WARN Act.

5. On October 3, 2014, Plaintiff Thomas Karaniewsky commenced a Class Action Complaint against Defendant US Investigations Services, LLC in the U.S. District Court for the Western District of Pennsylvania, Case No. 14-CV-01344-AJS (the "District Court Action").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 29 U.S.C. § 2104(a)(5).

7. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

8. Venue is proper in this District pursuant to 28 U.S.C § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiffs*

9. Plaintiff Thomas Karaniewsky was an employee of USIS and worked as a Record Searcher II. He traveled from his home to perform investigations at various locations. He received communications relevant to his employment from Defendants' facilities located at 125 Lincoln Avenue, Grove City Pennsylvania (the "Grove City" Facility) and 7799 Leesburg Pike, Suite 400 South, Falls Church, Virginia (the "Falls Church" Facility) (together the "Facilities") until his termination.

10. Upon information and belief, the assignments he worked on originated from, and the reports he filed went to Defendants' Grove City and Falls Church Facilities.

11. Plaintiff Angela Rodriguez was an employee of USIS for eighteen years and worked as a Senior Investigator. She traveled from her home to perform investigations at various locations. She received communications relevant to her employment from Defendants' Grove City and Falls Church Facilities. Upon information and belief, the assignments she worked on originated from, and the reports she filed went to Defendants' Grove City and/or Falls Church Facilities.

## *Defendants*

12. Defendant US Investigations Services, LLC is a Delaware limited liability company with its principal place of business located at the Falls Church Facility.

13. Upon information and belief, Defendant Altegrity, Inc. is a Delaware Corporation with its principal place of business located at 7799 Leesburg Pike, Suite 1100 North, Falls Church, Virginia 22043, and conducts business in this district.

14. Upon information and belief, Defendant Altegrity Acquisition Corp. is a Delaware Corporation with its principal place of business located at 7799 Leesburg Pike, Suite 1100 North, Falls Church, Virginia 22043, and conducts business in this district.

15. Upon information and belief, Defendant Altegrity Holding Corp. is a Delaware Corporation with its principal place of business located at 7799 Leesburg Pike, Suite 1100 North, Falls Church, Virginia 22043, and conducts business in this district.

16. Upon information and belief at all relevant times, Defendants maintained and operated their business employing more than 50 employees at each of the Facilities, as that term is defined by the WARN Act (collectively the "Facilities").

17. Upon information and belief, Defendant Altegrity Acquisition Corp., is the 100 percent equity holder of USIS.

18. Upon information and belief and at all relevant times, Defendants Altegrity, Inc., and Altegrity Holding Corp., are the indirect 100 percent equity holders of USIS.

19. Upon information and belief, Defendants Altegrity, Inc., Altegrity Acquisition Corp., Altegrity Holding Corp., (together, the "Altegrity Defendants") and USIS operated as a single employer and made the decisions that gave rise to the terminations of the Plaintiffs and other similarly-situated former employees in a mass layoff or plant closing without providing 60-days' advance notice.

20. Upon information and belief, the Altegrity Defendants shared common directors with USIS.

21. On February 8, 2015, the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

22. Until their termination by Defendants, Plaintiffs and the other similarly situated persons were employees of Defendants who worked at, received assignments from, or reported to the Facilities.

## WARN ACT CLASS ALLEGATIONS

23. Plaintiffs bring their Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of themselves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, received assignments from, or reported to Defendants' Facilities and were terminated without cause on or about September 30, 2014, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about September 30, 2014, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

24. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

25. Upon information and belief, Defendants employed approximately 2,000 employees who worked at or reported to the Facilities.

26. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

27. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendants.

28. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

    (b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act;

    (c) whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act; and

    (d) whether Defendants operated as a single-employer under the WARN Act with respect to the terminations of the Plaintiffs and similarly-situated employees.

29. The Plaintiffs' claims are typical of those of the WARN Class. The Plaintiffs, like other WARN Class members, worked at or reported to Defendants' Facilities and were furloughed on or about August 7, 2014 and were not told they were going to be terminated until about September 30, 2014, due to the mass layoffs and/or plant closings ordered by Defendants.

30. The Plaintiffs will fairly and adequately protect the interests of the WARN Class. The Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

31. On or about September 30, 2014, Defendants terminated the Plaintiffs' employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they was entitled to receive 60 days advance written notice under the WARN Act.

32. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

33. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

34. The Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

35. The relief sought in this proceeding is equitable in nature.

## CLAIM FOR RELIEF

### Violation of the Federal WARN Act

36. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

37. At all relevant times, Defendants employed approximately 2,000 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

38. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a)(3), and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

39. Beginning on or about September 30, 2014, Defendants ordered mass layoffs and/or plant closings at the Facilities, as those terms are defined by 29 U.S.C. § 2101(a)(2) and 20 C.F.R. § 639.3(i)

40. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101 (a)(8).

41. The Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

42. The Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101 (a)(5).

43. Defendants were required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

44. Defendants failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

45. The Plaintiffs and each of the Class Members, are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

46. Defendants failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued vacation and personal time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of the Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. An allowed wage priority claim for up to $12,750 of the WARN Act claims of Plaintiffs and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday

pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A); or in the alternative a first priority administrative expense claim against Defendants pursuant to 11 U.S.C. § 503(b)(1)(A)(ii) in favor of Plaintiffs and the other similarly situated former employees equal to those sums;

E. Reasonable attorneys' fees and the costs and disbursements that the Plaintiffs will incur in prosecuting this action, as authorized by the federal WARN Act; and

F. Such other and further relief as this Court may deem just and proper.

Dated: February 9, 2015

Respectfully submitted,

By: /s/ 
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 654-0248
Facsimile: (302) 654-0728
E-mail: loizides@loizides.com

Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

*Attorneys for the Plaintiffs and the Putative Class*