# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALTEGRITY, INC., *et al*[1],<br><br>　　　　　　　　　　Debtors. | Chapter 11<br>Bankr. Case No. **15-10226-LSS**<br>(Joint Administration Pending) |
| THOMAS KARANIEWSKY and ANGELA RODRIGUEZ, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>ALTEGRITY, INC., ALTEGRITY ACQUISITION CORP., ALTEGRITY HOLDING CORP., and US INVESTIGATIONS SERVICES, LLC.<br><br>　　　　　　　　　　Defendants. | **Adv. Pro. No. 15-50204-LSS** |

## DECLARATION OF JACK A. RAISNER IN SUPPORT OF STAYING DECISION ON A CONVERTED SUMMARY JUDGMENT MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)

　　I, Jack A. Raisner, declare as follows under penalty of perjury:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Altegrity, Inc. (9985); Albatross Holding Company, LLC (2688); Albatross Marketing and Trading, LLC (8643); Altegrity Acquisition Corp. (1480); Altegrity Holding Corp. (1481); Altegrity Risk International LLC (6350); Altegrity Security Consulting, Inc. (5452); CVM Solutions, LLC (9526); D, D & C, Inc. (9552); Engenium Corporation (2269); FDC Acquisition, Inc. (2387); HireRight Records Services, Inc. (1944); HireRight Solutions, Inc. (8954); HireRight Technologies Group, Inc. (1660); HireRight, Inc. (5016); John D. Cohen, Inc. (1738); KCMS, Inc. (0085); KIA Holding, LLC (1333); Kroll Associates, Inc. (6880); Kroll Background America, Inc. (4830); Kroll Crisis Management Group, Inc. (3811); Kroll Cyber Security, Inc. (2393); Kroll Factual Data, Inc. (9911); Kroll Holdings, Inc. (4648); Kroll Inc. (1019); Kroll Information Assurance, Inc. (2283); Kroll Information Services, Inc. (2381); Kroll International, Inc. (1243); Kroll Ontrack Inc. (1650); Kroll Recovery LLC (7082); Kroll Security Group, Inc. (5514); National Diagnostics, Inc. (7132); Ontrack Data Recovery, Inc. (3148); Personnel Records International, LLC (0716); The Official Information Company (1805); US Investigations Services, LLC (9260); USIS International, Inc. (3617); and USIS Worldwide, Inc. (4258). The location of the Debtors' corporate headquarters is 7799 Leesburg Pike, Suite 1100 North, Falls Church, VA 22043.

1.I am a partner of Outten & Golden LLP, counsel to the named Plaintiffs in the above captioned class action suit for damages against Defendants to recover 60 days' pay and benefits under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. ( the "WARN Act").

2.In opposing Defendants' motion to dismiss, Plaintiffs have requested that the Court take judicial notice of certain documents filed by Defendants during the bankruptcy proceedings. In the alternative, Plaintiffs have requested that the Court convert the "single employer" branch of Defendants' motion into a motion for summary judgment and stay determination of that issue until after discovery has been completed pursuant to Fed. R. Civ. P. 56(d).

3.I submit this declaration to place before the Court facts relevant to the determination of whether it should stay determination of Defendants' motion in the event that it converts all or part of it to summary judgment.

4.If the Court grants Plaintiffs' alternative request to convert the "single employer" branch of Defendants' motion to summary judgment, discovery will be necessary for Plaintiffs to present facts essential to justify its opposition.

5.Plaintiff will require evidence regarding whether Defendants' have (i) common ownership, (ii) common directors and/or officers, (iii) exercised de facto control over one another, (iv) unified personnel policies emanating from a common source, and (v) dependency of operations.

6.Such discovery will enable Plaintiffs to ascertain critical material facts such as whether the Altegrity Entities ordered the termination of the employees; had common personnel policies with USIS; and whether USIS was operationally dependent on them, e.g., shared

administrative or purchasing services, interchanged employees or equipment, and commingled finances.

7. To date, no discovery has been taken in this action.

8. In a prior action brought against US Investigations Services, LLC ("USIS"), it made limited document production as part of its initial disclosures. This document production did not touch upon the above-enumerated issues and if it relates to them at all, it does so in only the most oblique sense.

9. Accordingly, discovery would be required before Plaintiffs can adequately oppose a converted summary judgment motion on the issue of "single employer."

10. Plaintiffs did not ask the Court to take judicial notice of documents specifically relevant to the "single site of employment" branch of Defendants' motion, or ask for the alternative relief of conversion of that branch of the motion to summary judgment.

11. However, if the Court deems it appropriate to convert that branch of the motion to summary judgment, Plaintiffs will need to take discovery to present facts essential to justify its opposition to the motion.

12. While some of the initial disclosures provided in the predecessor action by USIS related to Plaintiffs' site of employment, they did not answer such basic questions as where Plaintiffs' assignments were created and where their work-product was reviewed.

13. Accordingly, discovery would also be necessary prior to determination of Plaintiffs' single sites of employment.

## CONCLUSION

In view of the foregoing, in the event that the Court converts Defendants' motion to dismiss the adversary complaint to a motion for summary judgment, in whole or in part, the

Court should issue an Order (a) staying determination of the converted motion until after discovery has been concluded, and (b) granting such other and further relief as this Court may deem proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 13, 2015

Respectfully submitted,

                        By:  <u>/s/ Jack A. Raisner</u>
                              JACK A. RAISNER